Mr. Justice James
delivered the opinion of the court.
This is a suit for divorce a vinculo. In taking the testimony before an examiner, the petitioner was offered as a witness in her own behalf, and upon objection by counsel for the defendant, the question of her competency was certified by the examiner to the Special Term in Equity. By that court it has been certified to be heard here in the first instance.
It seems to have been very commonly supposed by the bar that section 876 of the Revised Statutes for this District authorizes the examination of parties to suits for divorce in all cases except where adultery is charged as the ground of the application ; and this error has led to fruitless suits and to unnecessary costs..
The competency of parties to testify is regulated by sections 876 and 877 of the Revised Statutes, which are drawn from section 1 of the act of July 2,1864,13 Stats, at Large, 379. Section 876 provides that, “On the trial of any issue joined, or of any matter or question, or any inquiry arising in any suit, action, or other proceeding in any court of justice in the District, * * * the parties thereto, and the persons in whose behalf any such action or proceeding may be brought or defended, and all persons interested in the same, *470 shall, except as provided in the following section, be competent and compellable to give evidence, either viva voce or by deposition, according to the practice of the court, on behalf of any of the parties to the action or other proceeding.
Section 877 provides that, "Nothing in the preceding ■section shall render any person -who is charged with an offense in any criminal proceeding competent or compellable to give evidence for or against himself; or render any person compellable to answer any question tending to criminate himself; or render a husband competent or compellable to give evidence for or against his wife, or a wife competent or. compellable to give evidence for or against her husband, in any criminal proceeding or in any proceeding instituted in consequence of adultery.
"Nor shall a husband be compellable to disclose any communication made to him by his wife during marriage ; nor shall a wife be compellable to disclose any communication made to her by her husband during marriage.”
Undoubtedly, if taken literally, the language of section 876 would include suits for divorce a vinculo; but we think that it is not to be so taken, and that several provisions of the next section indicate the paramount reasons of public policy which forbid us to apply at all to parties to divorce suits, the general provision which allows parties to suits to testify as witnesses.
It is to be remembered that, althrough mariage originates in the consent of parties, that relation, once established, has always been treated by the common law and by the laws of all nations as an institution of society, in which society had an interest which was, if possible, paramount to that of the parties themselves; and that, long before the act of 1864, it was settled to be a matter of public policy, recognised by legislative and judicial authority, that-the parties themselves should have no power to dissolve or impair its obligations by their own act. This policy is not only recognized but declared in the most impressive manner by several of the provisions of section 877. It might seem that nothing could *471 be more important to society than the conviction and punishment of criminals who violate its peace ; yet the legislature has declared, by the provisions of this section, that the preservation of its fundamental institution of marriage is even more important to society than the punishment of its criminals, and that husband and wife shall not be arrayed against each other as witnesses, even for the purpose of public justice. Crime shall not be proven by such testimony, •even if it must thereby go unpunished. When the preservation of the family is thus placed by this very statute above the protection of the public peace against crime, can it be for a moment supposed that the same statute intends that the very institution which is thus treated as of.para-, mount importance shall itself be the occasion of arraying husband and wife against each other as witnesses? We only weaken this argumeut by dwelling upon it. It is clear t.o us that the very act which renders parties to suits competent and compellable as witnesses indicates that the rule is not to be applicable to parties to suits for divorce.
It may be added that the incompeteucy of such parties to testify results from another statute, which was re-enacted as a part of the revision at the same time with section 876. Section 737, which is drawn from section one of the act of June 19, 1860,12 Stats, at Large, 59, provides that no judgment for a divorce shall be rendered on default without proof; nor shall any admissions contained in the answer of the defendant be taken as proof of the facts charged as the ground of the application, but the same shall in all cases be proved by other evidence.” Of course the act of 1864 was not intended to impair the effect of this provision, and any such result has been prevented by the re-enactment of both as parts of one body of law. But the application of section ■876 to parties to divorce suits would very seriously impair the effect and purpose of section 737. If it were so applied, the defendant might admit in a deposition the facts charged» It would be to no purpose that admissions in a sworn answer, which are in fact in the nature of testimony, should go for •nothing, if the respondent might, as a witness, state the *472 same facts on the stand. TJpon these grounds, we are of opinion that section 876 has no application to parties to suits for divorce. It was intended only to remove that disability which arose from the single fact of being a party, and does not affect disqualifications which rest upon other grounds» Bor example, a party who is infamous is not thereby made-competent because the disability of parties is removed.
"We have explained the grounds of our conclusion as fully as if this were a new question, since the reports of this court contain no decision on this point. It should be observed,, however, that the same rule has been more than once announced by the G-eneral Term ; the last time in Russell vs. Russell.
There is one matter, however, in one class of suits for divorce, concerning which the petitioner may, under a rule of this court, be examined. Equity Rule 98 provides that, “ On reference to take proof of the facts charged in a petition for a divorce from bed and board, the examination of' the petitioner, on oath or affirmation, may be taken as to any cruel or inhuman treatment alleged in the petition to have taken place when no witness was present competent to testify. In all other cases the parties are incompetent.
The examiner is instructed not to take the testimony of the petitioner in this cause.